UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN LAIDERUI LIGHTING TECHNOLOGY CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> ZHIFEN ZHANG, doing business as rbay, <br><br> Defendant. | CASE NO. 2:24-cv-562 <br><br> ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Plaintiff Shenzhen Laiderui Lighting Technology Co. Ltd.'s second motion for a temporary restraining order (TRO) against Defendant Zhifen Zhang, doing business as rbay. Dkt. No. 9. On April 23, 2024, Plaintiff filed a complaint for declaratory judgment stating that Defendant's U.S. Patent No. D1,008,442 is invalid and unenforceable and that Plaintiff's ceiling fans therefore do not infringe on the '442 Patent. Dkt. No. 1 ¶ 1. Two weeks later, Plaintiff moved for an ex parte TRO, requesting that the Court order all online marketplace platforms, including Amazon, eBay, Wish, AliExpress, Joom, Vova,

ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

Temu, Walmart, to void any complaint about infringement of the '442 Patent and restrain Defendant from telling online marketplace platforms that Plaintiff's products infringed its patent rights. Dkt. No. 6-4 at 2. The Court denied Plaintiff's motion without prejudice because Plaintiff failed to establish that a TRO should issue under Rule 65(b)(1) without notice to Defendant. Dkt. No. 8. Plaintiff renews its request for a TRO, this time after emailing a copy of its motion to Defendant's purported email address: rbay92@163.com. Dkt. No. 9. Defendant has not responded. Having reviewed Plaintiff's motion and the relevant record, the Court DENIES Plaintiff's second motion for a TRO.

## 2.  BACKGROUND

Plaintiff is a Chinese limited company with its principal place of business in Shenzhen, China. Dkt. No. 1 ¶ 2. Plaintiff operates the Amazon.com storefront LEDAIRY "through which it sells a wide variety of home goods, including [decorative] ceiling fans." *Id.* ¶ 8. On April 6, 2024, Defendant complained to Amazon that Plaintiff's ceiling fans infringed on its '442 Patent. *Id.* ¶ 9. As a result, Amazon has barred Plaintiff from selling its ceiling fans through the LEDAIRY Storefront. *Id.* ¶¶ 10-11.

Plaintiff alleges Defendant is wrongfully enforcing '442 Patent because its invention claimed in the '442 Patent was anticipated by prior art and is thus invalid. *Id.* ¶¶ 12, 16. Plaintiff seeks a TRO ordering online marketplace platforms to retract, withdraw, or void any infringement complaint related to the '442 Patent and restraining Defendant from notifying Amazon and other third-party platforms that Plaintiff's products infringe on Defendant's patent. Dkt. No. 9-1 at 1-3.

# 3. DISCUSSION

## 3.1 Legal standard.

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A TRO aims to preserve the status quo and prevent irreparable harm until the Court can consider the appropriateness of a preliminary injunction. *Shenzhen Root Tech. Co. v. Chiaro Tech. Ltd.*, No. 2:23-CV-00631-JHC, 2023 WL 3937394, at *2 (W.D. Wash. May 17, 2023) (collecting cases). The standard for issuing a preliminary injunction also governs TROs. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds*, *Winter*, 555 U.S. at 7. "A plaintiff seeking a [TRO] must establish that [(1) they are] likely to succeed on the merits, [(2)] that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in [their] favor, and [(4)] that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

As to the second element, courts will not grant relief "based only on a possibility of irreparable harm[,]" *id.* at 22, the plaintiff must show "immediate threatened harm." *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction.").

## 3.2 Plaintiff fails to show irreparable harm.

Plaintiff argues it will suffer several forms of irreparable harm. First, Plaintiff alleges harm to its "reputation, advertising efforts, loss of customers,

ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER - 3

ranking and reviews, termination as a repeat offender, or loss of goodwill." Dkt. No. No. 7 ¶ 6. True: evidence of loss of customer goodwill can in some cases support a finding of irreparable harm. *See, e.g., Stuhlbarg Int'l Sales*, 240 F.3d at 841. Likewise, "[e]vidence of loss of control over business reputation . . . *could* constitute irreparable harm." *Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013) (emphasis added). But Plaintiff provides no evidence of loss of goodwill or reputational harm beyond a few conclusory statements in a declaration from its "legal representative." *Id.* (finding that unsupported conclusory statements of reputational harm are insufficient to support that irreparable injury is likely absent an injunction).

Plaintiff argues its case mirrors the facts of *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866 (C.D. Cal. 2021). *Medcursor*, however, differs in several significant respects. In that case, the court issued the plaintiff a preliminary injunction, finding "two forms of concrete irreparable harm"—evidence that the infringement complaint will likely result in deactivation of the plaintiff's Amazon seller's account, which will effectively put it out of business; and "product placement disadvantages such as losing [the plaintiff's] previously held first-page status." *Id.* at 878-79. Unlike *Medcursor,* nowhere in its supporting declaration does Plaintiff mention any concrete harms like the deactivation of its seller's account,

going out of business, or any specifics about losing a previously held high page status. *See* Dkt. Nos. 7, 10.[1] As a result, *Medcursor* is easily distinguishable.

Second, Plaintiff argues it will experience irreparable harm because Amazon will destroy 1,800 units of its ceiling fan products on June 17, 2024, under its auto-removal policy. Dkt. No. 10 ¶ 3. The destroyed inventory will cost Plaintiff "more than $163,000 in sales revenue." *Id.* But "[p]urely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015). Plaintiff has not provided the Court any reason to think money damages would be insufficient compensation for the loss of any fans. Therefore, the threat of Amazon's auto-removal policy and the loss of fans does not constitute irreparable harm under these circumstances.

Because irreparable harm is a required element, the Court denies Plaintiff's motion on this ground alone and need not analyze the remaining *Winter* factors. In

---

[1] Plaintiff makes several arguments in its brief that are not supported in the accompanying declaration of counsel. For example, Plaintiff states "Plaintiff's inability to sell the products at issue would likely result in Plaintiff going out of business." Dkt. No. 9 at 6 (citing Dkt. No. 7 ¶ 6). But this portion of the Declaration does not mention going out of business. Plaintiff also argues its "prior experience and Amazon policy substantiates Plaintiff's belief that a prolonged delisting of multiple ASINs, as is the case here, will result in the deactivation of Plaintiff's Amazon.com selling account at any time." *Id.* (citing Dkt. No. 7 ¶ 7). Again, the Declaration does not support this argument. It says "[t]he extent of harm to my store's reputation and goodwill and the possible diversion of customers due to the Products' deactivation and loss in store confidence is largely unquantifiable." Dkt. No. 7 ¶ 7. To be sure, the Declaration does reference an injury—"termination as a repeat offender"—but Plaintiff provides no context for this statement to clarify whether Plaintiff is in fact a repeat offender or what Amazon policy would trigger deactivation of its account. *Id.* ¶ 6.

ORDER DENYING SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER - 5

any event, the Court is unable to comment on whether Plaintiff will likely succeed on the merits because the record before the Court about the alleged prior art is incomplete.

Finally, the Court remains concerned with the notice Plaintiff provided Defendant. Plaintiff submitted a certification in which counsel states he sent Defendant a copy of the motion and supporting declarations via email "to the address rbay92@163.com that was identified in the Amazon.com complaint." Dkt. No. 9 at 14. The Court cannot discern the effectiveness of Plaintiff's efforts because it does not have a declaration attesting that Defendant receives emails at this address and that the email address is likely to notify Defendant of the suit. If Plaintiff decides to refile for injunctive relief, the Court directs it to make further efforts to notify Defendant.

## 4. CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion for a TRO, Dkt. No. 9, without prejudice.

Dated this 17th day of May, 2024.

Jamal N. Whitehead
United States District Judge