UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHENZHEN LAIDERUI LIGHTING TECHNOLOGY CO LTD,<br><br>            Plaintiff,<br>     v.<br><br>ZHIFEN ZHANG, doing business as rbay, and XIA MEN JI XIN DIAN ZI SHANG WU YOU XIAN GONG SI,<br><br>            Defendants. | CASE NO. 2:24-cv-562<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE |

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiff Shenzhen Laiderui Lighting Technology Co. Ltd.'s motion for alternative service on Defendants Zhifen Zhang (d/b/a "rbay") and Xia Men Ji Xin Dian Zi Shang Wu You Xian Gong Si. Dkt. No. 14. The Court has considered the motion and the relevant record, and being otherwise fully informed, GRANTS Plaintiff's motion in part for the reasons below.

## 2.  BACKGROUND

Plaintiff sells ceiling fans and other home goods through its Amazon.com storefront, LEDAIRY. Dkt. No. 13 ¶ 10. Defendants Zhifen Zhang ("Zhang") and Xia

ORDER - 1

Men Ji Xin Dian Zi Shang Wu You Xian Gong Si ("Xia Men") initiated an Amazon.com takedown action against Plaintiff, alleging that two of Plaintiff's fans infringe on Zhang's U.S. Patent No. D1,008,442 ("'442 Patent"). *Id.* ¶¶ 12–13. As a result of Defendants' takedown action, Plaintiff "has been prevented from selling [the fans] on the Amazon.com platform[.]" *Id.* ¶ 14. Plaintiff sued Defendants seeking, among other things, a declaratory judgment that the '442 Patent is invalid and unenforceable, and that Plaintiff's products do not infringe on the '442 Patent. Dkt. No. 13. ¶¶ 12–13.

Plaintiff alleges that Zhang is a "Chinese individual," and that Xia Men is a Chinese limited company and registered Amazon seller. *Id.* ¶¶ 3–4. Plaintiff also alleges that Zhang is the "legal representative" and "principal operator" of Xia Men. *Id.* Plaintiff is unsure of Defendants' physical locations and has not attempted service through traditional means; rather, Plaintiff requests leave to serve Defendants by email. Dkt. No. 14.

The Amazon takedown notice gives Zhang's contact information as "rbay" at "rbay92@163.com" and identifies him as the "rights holder" and owner of the '442 Patent. Dkt. No. 7-2 at 11. Citing Xia Men's purported "official 2023 annual report," Plaintiff claims that Xia Men's email address is "397046295@qq.com." Dkt. Nos. 14 at 4*;* 15-2 at 7. Plaintiff sent test emails to each email address and "did not receive any indication that the messages were not delivered or received by Defendants." Dkt. No. 14 at 4; *see* Dkt. No. 15-3 at 2.

### 3. DISCUSSION

**3.1   Legal standards.**

Rule 4(f) permits service on individuals in foreign countries by (1) any internationally agreed means of service, such as the Hague Convention; (2) if there is no internationally agreed means, by a method that comports with the foreign country's law; or (3) by "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f). As the party requesting alternative service under Rule 4(f)(3), Plaintiff must show that "the facts and circumstances of the present case necessitated the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Plaintiff must also show that the requested method of service "comport[s] with constitutional notions of due process." *Id.* "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Whether the "particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is left to "the sound discretion of the district court[.]" *Id.* at 1016.

**3.2   Rule 4(f)(3).**

Plaintiff requests Court intervention on the grounds that Defendants have published little or incomplete physical contact information because they "rely almost exclusively on electronic communications." Dkt. No. 14 at 1–2. Plaintiff also

alleges that a Court order is necessary to prevent further delay and to move the case forward without incurring the expense of traditional service abroad. Dkt. No. 14 at 6. The Court finds that Plaintiff has adequately shown that court-intervention is warranted. *See, e.g.*, *Amazon.com Inc. v. Kitsenka,* No. C22-1574-RSL-MLP, 2023 WL 7017078, at *2 (W.D. Wash. Oct. 25, 2023) (finding court-intervention was necessary under Rule 4(f)(3) when plaintiff could not identify valid physical addresses for service on defendants).

The Court must first determine whether service of process by email is "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). The Hague Convention is the starting point in "all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 276 (2017). Plaintiff presumes Defendants are in China, but it does not know their physical address(es). The Hague Convention does not apply where the address of the foreign defendant is unknown. *See* Hague Convention, art. 1 ("This Convention shall not apply where the address of the person to be served with the document is not known."); *see also Amazon.com v. Tian*, No. C21-0159-TL, 2022 WL 486267, at *3 (W.D. Wash. Feb. 17, 2022) (collecting cases authorizing service by email when defendant's physical address is unknown). "Thus, . . . where Plaintiffs have been unable to identify valid physical business addresses for the named Defendants, the Hague Convention arguably does not apply in the first instance and therefore does not prohibit service of process by email." *Amazon.com, Inc. v. KexleWaterFilters*, No. C22-1120-JLR, 2023 WL 2017002, at *3 (W.D. Wash. Feb. 15, 2023).

ORDER - 4

In any event, this Court and other courts have concluded that email service on individuals located in China is not prohibited by the Hague Convention or by any other international agreement. *Akerson Enter. LLC v. Shenzhen Conglin E-Com. Co.*, No. 24-CV-00506, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024) ("Given the lack of binding precedent on this issue and the Court's agreement with the majority view of courts in this district, the Court finds that email service to a foreign defendant in China is allowed under Rule 4(f)(3) because the Hague Convention does not expressly prohibit it.").

### 3.3  Due Process.

Next, the Court must consider whether service of process by email comports with constitutional notions of due process. For defendants who conduct business primarily online and with email as their preferred or exclusive method of communication, courts in this district have found email service satisfies due process "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages." *KexleWaterFilters*, 2023 WL 2017002, at *4.

Although Plaintiff does not argue "due process" by name, it generally contends that email service is reasonably calculated to make Defendants aware of this action because (1) they rely "almost exclusively" on email to communicate with third-party service providers, like Amazon.com, and customers; and (2) the test email "was not returned and undeliverable, and . . . [there is] no indication that the email was not delivered intact." Dkt. No. 15 ¶¶ 2, 6.

These allegations and the record before the Court show that email service upon Zhang is constitutionally acceptable, but not Xie Men. In particular, Zhang provided his email address as his sole contact information to Amazon.com in initiating the takedown action, which shows that it is a valid means of communication and his primary means of communicating with Amazon.com about Plaintiff's alleged infringement. Plaintiff's test email shows that the email account is still active. These circumstances provide sufficient assurance that an email to Zhang at rbay92@163.com is likely to give him notice of this lawsuit.

The Court reaches the opposite conclusion, however, when it comes to Xie Men. Plaintiff relies exclusively on a so-called annual report from Xie Men to tie the company to the 397046295@qq.com email address. But the report is problematic for many reasons, not the least of which is the fact that it identifies "Xiamen Jixin E-commerce Co., Ltd." as the "enterprise name," not Defendant Xie Men. Plaintiff also produces no evidence that Xie Men actually communicates through or even monitors this email address. *See Amazon.com, Inc. v. Tian,* 2022 WL 486267, at *4 (denying request for alternative service by email because plaintiff did not provide evidence that proposed service email was used or monitored by defendant). Finally, from the papers submitted, it is unclear who created the annual report, and under what circumstances, or even to whom it was submitted. Thus, Plaintiff has not shown that this email address is a reliable means of service to Xie Men.

## 4.  CONCLUSION

In sum, the Court GRANTS Plaintiff's motion in part. Dkt. No. 14. Plaintiff may serve Defendant Zhifen Zhang by email at rbay92@163.com. Plaintiff must complete service and file proof of service within 14 days of this order.

Dated this 27th day of November, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 7